**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ARTHUR CAMPBELL,<br>255 Misty Patch Road<br>Coatesville, PA 19320<br><br>Plaintiff,<br><br>v.<br><br>TOPPAN INTERAMERICA, INC.,<br>378 Thousand Oaks Boulevard<br>Morgantown, PA 19543<br><br>Defendant. | CIVIL ACTION<br><br>CASE NO.:<br><br><br><br>**<u>JURY TRIAL DEMANDED</u>** |

## CIVIL ACTION COMPLAINT

Plaintiff Arthur Campbell ("Plaintiff"), by and through his undersigned counsel, brings this action against Defendant Toppan Interamerica, Inc. ("Defendant") and avers as follows:

## INTRODUCTION

1. Plaintiff brings this action to redress violations by Defendant of the Americans with Disabilities Act, as amended ("ADA" - 42 USC §§ 12101, et seq.), and the Pennsylvania Human Relations Act ("PHRA").[1] As a direct consequence of Defendant's unlawful action, Plaintiff seeks damages as set forth herein.

## JURISDICTION AND VENUE

2. This Court, in accordance with 28 U.S.C. § 1331, has jurisdiction over Plaintiff's claims, because this civil action arises under a law of the United States.

3. This Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction

[1] Plaintiff's claims under the PHRA are referenced for notice purposes. He is required to wait one (1) full year before initiating a lawsuit pursuant to the PHRA from the date of dual-filing with the EEOC. Plaintiff will move to amend his instant lawsuit to include mirroring claims under the PHRA once his administrative remedies are fully exhausted with the Pennsylvania Human Relations Commission.

over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *International Shoe Co. v. Washington,* 326 U.S. 310 (1945) and its progeny. This Court has supplemental jurisdiction over Plaintiff's future state-law claims because such claim(s) arise out of the same common nucleus of operative facts as her federal claims asserted herein.

4. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district and Defendant is deemed to reside where it is subject to personal jurisdiction, rendering Defendant a citizen of the Eastern District of Pennsylvania.

5. Plaintiff is in part proceeding herein under the ADA and for such claim has properly exhausted his administrative remedies by timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and by filing the instant lawsuit within ninety (90) days of receiving a notice of dismissal and/or right to sue letter from the EEOC.

**PARTIES**

6. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7. Plaintiff Arthur Campbell is an adult individual who resides in Coatesville, Chester County, Pennsylvania.

8. Defendant Toppan Interamerica, Inc. is a manufacturing and printing company that produces decorative surface materials and operates a facility at 378 Thousand Oaks Boulevard, Morgantown, Pennsylvania 19543.

9. At all relevant times, Defendant employed at least fifteen employees and was an employer within the meaning of the ADA.

10. At all relevant times, Defendant acted through its officers, managers, supervisors, human-resources personnel, employees, and agents, who acted within the course and scope of their employment and for Defendant's benefit.

## FACTUAL BACKGROUND

11. The foregoing paragraphs are incorporated in their entirety as if set forth in full.

12. Plaintiff was hired by Defendant on or about September 7, 2010, and worked for Defendant for approximately fifteen (15) years, before he was unlawfully terminated by Defendant (discussed further *infra*).

13. Plaintiff initially worked for Defendant as a Utility Person and, approximately one month later, was promoted to Third Operator.

14. In this role, Plaintiff was supervised by Angel Rodriguez ("Rodriguez") – Chief Operator and Jason Ripshaw ("Ripshaw") – Supervisor.

15. Throughout his entire employment with Defendant, Plaintiff performed his role in a dutiful and competent manner, as evidenced by his years of service to Defendant.

16. Unfortunately, Plaintiff has and continues to suffer from several ADA-qualifying disabilities including but not limited to cardiovascular disease.

17. As of result of Plaintiff's disabilities, several of his major life activities are affected, including breathing, lifting, normal heart function and normal cardiac function.

18. Despite Plaintiff's disabilities, he was able to successfully perform his role with Defendant, but at times needed accommodations (discussed further *infra*).

19. On or about April 7, 2024, Plaintiff suffered a serious heart attack wherein he was forced to be hospitalized as a result.

20. Thereafter, Plaintiff requested the accommodation of time off to recover while he was in and out of the hospital and recovering for approximately three (3) months.

21. On or about July 1, 2024, Plaintiff was able to resume working for Defendant as a Third Operator but requested the accommodation of light duty for a short three (3) week period of time, while he began working.

22. Unfortunately, in or about October 2024, Plaintiff suffered from a flare-up of his disabilities and was again hospitalized and told he was required a pacemaker.

23. Plaintiff thereafter requested the accommodation of a short medical leave of absence for approximately three (3) weeks for his pacemaker procedure and recovery.

24. When Plaintiff began the process to attempt to return to work, Dotti Walters ("Walters") – Human Resources Representative, retaliated against Plaintiff for taking medical leave and made what should have been a simple process to return extremely difficult.

25. By way of example, following Plaintiff's return, Defendant required Plaintiff to pass a physical test with a physician and have clearance paperwork submitted to Defendant. When Plaintiff passed the physical test and had his surgeon send paperwork to Walters, Walters questionably rejected Plaintiff's surgeon's paperwork and delayed Plaintiff's return even further.

26. Instead, Plaintiff was required to perform an identical physical with a doctor of Defendant's choosing and fill out the same paperwork Plaintiff already had his doctor submit before he was able to return to work at Defendant.

27. Following Plaintiff's eventual return from his pacemaker surgery, Plaintiff required ongoing cardiac monitoring, rehabilitation, and medical appointments two (2) to three (3) times per week for approximately two (2) to three (3) months and as a result requested the accommodation of the same with Walters.

28. Plaintiff also requested the accommodation of a lifting restriction and, during periods of recovery, light-duty work.

29. Following Plaintiff's renewed request for accommodations upon his return from leave, Walters began to discriminate and retaliate against Plaintiff in an attempt to force a resignation. By way of example, but not meant to be an exhaustive list:

a. Within a few months after Plaintiff's return from surgery, Plaintiff attempted to apply for a supervisor position and informed Walters of the same. Walters immediately dismissed Plaintiff, despite his over fifteen (15) years of experience;

b. Walters would make discriminatory comments to Plaintiff when he would mention his disabilities, such as "if this isn't the right job for you, you can find another job;"

c. Walters and Ripshaw refused to allow Plaintiff to take breaks, but would not give the same treatment to other similarly situated non-disabled employees;

d. Walters would stand and stare at Plaintiff working, but would not give the same treatment to other similarly situated non-disabled employees; and

e. Walters refused to accommodate Plaintiff and told him that he was only able to attend doctor's appointments or go to therapy appointments unless he attended appointments on his own time.

30. On or about April 14, 2026, Defendant falsely accused Plaintiff of making an error concerning a topcoat order, when in reality, it was obvious another employee had committed the error.

31. As a result of the accusation, Defendant sent Plaintiff home early on or about April 14, 2026.

32. On or about April 15, 2026, Walters telephoned Plaintiff and informed him that Defendant had terminated his employment based on the topcoat incident, despite Defendant failing to conduct a meaningful investigation before terminating Plaintiff.

33. Defendant's asserted reason was pretextual. Defendant subjected Plaintiff to increased scrutiny, denied his request for disability-related breaks while permitting other employees to take breaks, and ultimately terminated his employment because of his disability and accommodation needs.

34. At the time of his termination, Plaintiff remained able to perform the essential functions of his position with reasonable accommodation.

35. Plaintiff’s 2026 request for disability-related breaks constituted protected activity under the ADA.

36. Defendant terminated Plaintiff because of his actual disability, record of disability, perceived disability, accommodation needs, and protected activity.

37. As a direct and proximate result of Defendant's conduct, Plaintiff suffered lost wages and benefits, emotional distress, inconvenience, humiliation, loss of enjoyment of life, and other damages.

**COUNT I**
**Violations of the Americans with Disabilities Act ("ADAAA")**
**([1]Actual/Perceived/Record of Disability Discrimination; [2] Failure to Accommodate; and [3] Retaliation)**

38. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

39. Plaintiff suffered from qualifying health conditions under the ADA which affected his ability (at times) to perform some daily life activities (set forth *supra*).

40. Despite Plaintiff’s aforementioned health conditions and limitations, he was still able to perform the duties of his job well with Defendant; however, Plaintiff did require reasonable medical accommodations at times.

41. Defendant knew of Plaintiff's disabilities and limitations through his hospitalization, medical leaves, pacemaker procedure, medical-clearance process, restrictions, rehabilitation, medical appointments, and requests for workplace adjustments.

42. Plaintiff requested a reasonable accommodation in 2026 by informing Ripshaw that he needed regular breaks to rest and manage the effects of his cardiac condition.

43. Defendant denied Plaintiff’s request and failed to engage in a timely, good-faith interactive process to identify an effective reasonable accommodation.

44. Defendant further discriminated against Plaintiff by subjecting him to increased scrutiny, denying him breaks afforded to other employees, and terminating his employment because of his actual disability, record of disability, perceived disability, and need for accommodation.

45. Plaintiff further engaged in protected activity under the ADA prior to his termination, and Defendant knew of Plaintiff's protected activity.

46. After Plaintiff engaged in protected activity, Defendant subjected him to increased scrutiny and terminated his employment.

47. There is a causal connection between Plaintiff's protected activity and Defendant's adverse actions.

48. Defendant's stated reason for terminating Plaintiff was a pretext for disability discrimination.

49. Plaintiff further believes and therefore avers that his disabilities were a motivating/determinative factor in the termination of his employment with Defendant.

50. Defendant's actions as aforesaid constitute violations of the ADA.

**WHEREFORE**, Plaintiff respectfully requests that the Court enter judgment in his favor and against Defendant and award the following relief:

A. Defendant is to be prohibited from continuing to maintain their illegal policy, practice or custom of discriminating/retaliating against employees and is to be ordered to promulgate an effective policy against such unlawful acts and to adhere thereto;

B. Defendant is to compensate Plaintiff, reimburse Plaintiff and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to past lost earnings, future lost earnings, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension, and seniority. Plaintiff should be accorded those benefits illegally withheld from the date he first suffered retaliation/discrimination at the hands of Defendant until the date of verdict;

C. Plaintiff is to be awarded punitive damages, as permitted by applicable law(s) alleged asserted herein, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant

for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

D. Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper and appropriate including for emotional distress;

E. Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

F. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal law; and

G. Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law. Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By: ______________________

Ari R. Karpf, Esq. (91538)
8 Interplex Drive, Suite 210
Feasterville-Trevose, PA 19053
215-639-0801 (P)
215-639-4970 (F)
akarpf@karpf-law.com

Dated: October 12, 2026

# VERIFICATION

The undersigned states that the facts in the foregoing Complaint and Jury Demand are true and correct to the best of his knowledge, information and belief. The undersigned understands that any intentionally false statements herein are subject to criminal penalties relating to sworn and unsworn statements.

Dated: 10/12/2026

_______________________________
Arthur Campbell

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| Arthur Campbell | : | CIVIL ACTION |
| v. | : | |
| Toppan Interamerica, Inc. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (x )

| | | |
|---|---|---|
| 10/13/2026 | [signature] | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-639-0801 | 215-639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: Defendants place of business

***RELATED CASE IF ANY:*** Case Number:________________ Judge:________________________

1. Does this case involve property included in an earlier numbered suit? Yes ☐
2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit? Yes ☐
3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit? Yes ☐
4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual? Yes ☐
5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation. Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

**Civil Litigation Categories**

***A. Federal Question Cases:***

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Wage and Hour Class Action/Collective Action
- ☐ 6. Patent
- ☐ 7. Copyright/Trademark
- ☐ 8. Employment
- ☐ 9. Labor-Management Relations
- ☒ 10. Civil Rights
- ☐ 11. Habeas Corpus
- ☐ 12. Securities Cases
- ☐ 13. Social Security Review Cases
- ☐ 14. Qui Tam Cases
- ☐ 15. Cases Seeking Systemic Relief ***see certification below***
- ☐ 16. All Other Federal Question Cases. *(Please specify)*:____________________

***B. Diversity Jurisdiction Cases:***

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury (*Please specify*):____________
- ☐ 7. Products Liability
- ☐ 8. All Other Diversity Cases: *(Please specify)*____________

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

CAMPBELL, ARTHUR

**(b)** County of Residence of First Listed Plaintiff: Chester
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Ari R. Karpf, Esq.; Karpf, Karpf & Cerutti, P.C., 8 Interplex Drive, Suite 210, Feasterville-Trevose, PA 19053; 215-639-0801; akarpf@karpf-law.com

## DEFENDANTS

TOPPAN INTERAMERICA, INC.

County of Residence of First Listed Defendant: Berks
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**TORTS**

PERSONAL INJURY
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [X] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

Other:
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing ***(Do not cite jurisdictional statutes unless diversity)***: ADA (42USC12101)

Brief description of cause: Violations of the ADA and the PHRA.

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):* JUDGE ____________ DOCKET NUMBER ____________

DATE 10/13/2026 SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______